IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>HONORABLE GARRETT WONG, AKA GERRALD WONG,<br><br>　　　　Respondent.<br>_____/ | No. C 12-5989 CW (PR)<br><br>ORDER OF DISMISSAL WITHOUT PREJUDICE AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS |

　　Petitioner Jerome L. Grimes is incarcerated at the San Francisco County Jail. He has not been convicted and is involved in ongoing state criminal proceedings.

　　This is the second pro se habeas corpus action Petitioner has filed in this court in the past thirty days. In his first petition, he claimed that the judge presiding over his criminal proceedings had not allowed him to represent himself in propria persona after finding him incompetent to stand trial, in violation of his rights under Faretta v. California, 422 U.S. 806 (1975). He asked this Court to intervene in his ongoing state proceedings. The Court dismissed the petition without prejudice on abstention grounds.

　　In the present action, Petitioner has filed what is captioned as an "Information Motion," in which he apparently is informing the Court that he pursued his Faretta claim all the way to the California Supreme Court. The motion appears to be a renewed request by Petitioner for this Court to review the Faretta claim.

　　The Court declines to do so, for the reasons set forth in the

order dismissing the first petition:

> [P]rinciples of federalism and comity require that a federal court abstain until all state criminal proceedings are completed and the petitioner exhausts available judicial state remedies, unless special circumstances warranting federal intervention prior to a state criminal trial can be found. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir.), cert. denied, 449 U.S. 1014 (1980); see also United States ex rel. Goodman v. Kehl, 456 F.2d 863, 869 (2d Cir. 1972) (pretrial detainees must first exhaust state remedies).
>
> Here, Petitioner alleges no special circumstances warranting the Court's intervention in his ongoing state proceedings. All of his claims are amenable to state court review through available state procedures. Accordingly, the petition is hereby DISMISSED on abstention grounds. The dismissal is without prejudice to Petitioner's filing a petition challenging his criminal proceedings once those proceedings have concluded, and after he has exhausted state judicial remedies by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim he seeks to raise in federal court. See 28 U.S.C. § 2254(b), (c)); Rose v. Lundy, 455 U.S. 509, 515-16 (1982).

Grimes v. Wong, C 12-5698 CW (PR), Docket no. 5 at 1:27-2:19.

The Court will not intervene in Petitioner's ongoing state proceedings until they have concluded and he has exhausted his state judicial remedies. Accordingly, this action is DISMISSED without prejudice.

Leave to proceed in forma pauperis is DENIED.

The Clerk of the Court shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: 12/12/2012

_____
CLAUDIA WILKEN
United States District Judge

2